IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY D. DOUGLAS,**

                **Plaintiff,**

     **v.**                           **CASE NO. 06-3139-SAC**

**SAM CLINE, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility.

Plaintiff states that on or about April 25, 2006, he was ordered to move from a lower bunk to an upper bunk, and alleges this move was contrary to medical restrictions concerning his complaints of back pain. Plaintiff names as defendants the warden and the company providing medical care at the facility. Plaintiff seeks damages for defendants' alleged deliberate indifference to his serious medical needs, and by a separate motion, plaintiff seeks injunctive relief to restrain defendants from removing his medical restriction for a lower bunk.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, <u>Booth v. Churner</u>, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff cites only his unsuccessful verbal requests for assistance, and identifies no formal administrative grievance and appeal through the Secretary of the Kansas Department of Corrections is identified.  This is not sufficient. *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

The recent date of the ordered move clearly undermines the possibility that plaintiff has fully exhausted formal administrative review of his claim prior to filing the instant complaint.  The court thus finds amendment of the complaint to demonstrate compliance with § 1997e(a) would be futile at this time, and concludes the complaint should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2), and motion for a temporary restraining order or preliminary injunction (Doc. 3) are denied as

moot.

**IT IS SO ORDERED.**

DATED:  This 17th day of May 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge